**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50012 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00729-JAK-1 |
| v. | |
| SALVADOR ARELLANO MARTINEZ, AKA Salvador Martinez Arellano, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted December 4, 2012
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

The facts are known to the parties. We have jurisdiction pursuant to 28

U.S.C. § 1291 and 18 U.S.C. § 3742. We review for an abuse of discretion. *See*

*United States v. Crowe*, 563 F.3d 969, 977 (9th Cir. 2009). We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The defendant argues that the district court misinterpreted the cultural assimilation departure provision, U.S.S.G. § 2L1.2, application note 8, when it issued a 35-month sentence to his conviction under 8 U.S.C. §§ 1326(a) and (b)(2) for illegally reentering the United States. Defendant supposes the misinterpretation occurred when the district court failed to distinguish ordinary from culturally motivated economic incentives. However, the 35-month sentence is 11-months below the undisputed guideline range of 46 to 57 months. To reach the 35-month sentence, the district court accepted the defendant's argument as to the applicability of the cultural assimilation departure provision. Moreover, there is no evidence on the record that the district court abused its discretion in failing to distinguish ordinary from culturally motivated economic incentives.

AFFIRMED